UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re                                                                                                    Case No.: 11-15410-BKC-RBR

RIVER ISLAND FARMS, INC.,                                              Chapter 11 Proceeding
a California corporation,

          Debtor.
_____/

**GIBRALTAR PRIVATE BANK & TRUST COMPANY'S MOTION FOR ENTRY OF AN ORDER: (A) TERMINATING THE DEBTOR'S USE OF CASH COLLATERAL AFTER DECEMBER 31, 2011; AND (B) DIRECTING THE DEBTOR TO DISTRIBUTE CASH COLLATERAL TO PAY A PORTION OF GIBRALTAR PRIVATE BANK & TRUST COMPANY'S SECURED CLAIM**

Secured Creditor, Gibraltar Private Bank & Trust Company ("Gibraltar") files this motion ("Motion") for the entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit B**: (a) terminating River Island Farms, Inc.'s (the "Debtor") authority to use Gibraltar's cash collateral by December 31, 2011; and (b) authorizing and directing the Debtor to immediately distribute $426,805.73 of Gibraltar's cash collateral, the sales proceeds of the Debtor's Mercedes home sale, to pay down Gibraltar's secured claim, leaving a $219,500 cash collateral balance in the Debtor's debtor-in-possession account to fund its Court-approved cash collateral budget through December 31, 2011. In support, Gibraltar states as follows:

**BACKGROUND**

1.      The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 28, 2011 (the "Petition Date").

2.      Gibraltar filed its *Motion to Modify the Automatic Stay* [ECF No. 37] and a supplement thereto [ECF No. 85] (collectively, the "Stay Relief Motion"). Pursuant to the Stay Relief Motion, Gibraltar explained that the Debtor and its insiders, Sydney Corrie and Corrie

Development Corporation (collectively, the Debtor, Sydney Corrie and Corrie Development Corporation are referred to as the "Borrowers"), are jointly obligated to Gibraltar for five loans made to the Borrowers, and that the Borrowers' five properties securing the loans are cross-collateralized in favor of Gibraltar.

3. After the Stay Relief Motion was contested by the Debtor, the Court set an evidentiary hearing on August 25, 2011 to consider the Stay Relief Motion and the Debtor's responses to the Stay Relief Motion [ECF Nos. 61 and 64].

*Calculation of Gibraltar's Secured Claim*

4. A material dispute between the parties underlying Gibraltar's request for stay relief concerned the calculation of Gibraltar's secured claim against the Debtor.[1] Pursuant to the "River Island Interest and Balance Calculation" identified as the Debtor's Exhibit "O" at the evidentiary hearing, a copy of which is attached hereto as **Exhibit A** (the "Debtor's Claim Calculation"), the Debtor admits that, as of August 25, 2011, the principal indebtedness secured by Gibraltar's mortgages is at least $8,484,808.00 plus accrued and accruing interest. The Debtor admits some interest is owed to Gibraltar, but disagrees with Gibraltar's calculations of accrued default interest. Regardless, neither of the parties dispute that Gibraltar is owed over $8 million.

5. On August 29, 2011, the Court entered its Order granting the Stay Relief Motion [ECF No. 92], pursuant to which, the Court determined that "[a]ll disputes between the parties are state court issues that do not contain federal questions and may be resolved by the state

---

[1] On June 29, 2011, Gibraltar timely filed its proof of claim in this case to assert its secured claim. As of the date of the filing of this Motion, the Debtor has not filed an objection to Gibraltar's proof of claim.

2

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
201 South Biscayne Boulevard, 34th Floor, Miami Center, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

court." Consequently, this Court has directed Gibraltar and the Debtor to litigate their dispute over interest accrual calculations in the state court.

### *This Court's Mercedes Sale And Cash Collateral Orders*

6. On May 12, 2011, the Debtor filed a motion [ECF No. 35] to sell its property located at 2521 Mercedes Drive in Fort Lauderdale, Florida (the "Mercedes Property"). By an agreed Order [ECF No. 51] (the "Sale Order") and an agreed amended Order [ECF No. 57] (the "Amended Sale Order"), the Court authorized the sale for $3.95 million (the "Mercedes Sale").

7. The Sale Order and Amended Sale Order also authorized the Debtor to use part of the Mercedes Sale proceeds to pay expenses during the case related to two of its remaining properties located at 2328 Aqua Vista Boulevard in Fort Lauderdale, Florida (the "Aqua Vista Property") and 2001 S.E. St. Lucie Boulevard in Stuart, Florida (the "2001 SE St. Lucie Property") pursuant to the budget attached to the Sale Order (the "Cash Collateral Budget"). No funds were authorized to be paid for the Debtor's other property, 1735 SE St. Lucie Boulevard in Stuart, Florida.

8. The Mercedes Sale closed on June 28, 2011, after which the Debtor used the Mercedes Sales proceeds remaining after payment of ordinary and necessary closing costs (the "Net Sale Proceeds") to pay Gibraltar as follows: (a) $2,443,000.00 (principal balance of the Mercedes loan); (b) $82,645.53 (accrued interest on the Mercedes loan principal balance at 6% through June 7, 2011); and (c) $10,039.73 (accrued interest on the Mercedes loan principal balance at 6% between June 8 and July 1, 2011); and (d) $164,388.42 (adequate protection payment for accrued 6% interest through June 30, 2011 due under the Aqua Vista and 2001 SE St. Lucie loans).

9. After payment of the foregoing amounts, the Amended Sale Order directed the Debtor to deposit $698,821.69 into its debtor-in-possession bank account (the "<u>DIP Account</u>") to fund the items listed in the monthly Cash Collateral Budget related solely to the Aqua Vista and 2001 SE St. Lucie Properties. The $43,900 monthly Cash Collateral Budget includes $35,000.00 for adequate protection payments the Debtor shall make to Gibraltar for interest accruing at 6% under on the Aqua Vista and 2001 SE St. Lucie loans.[2]

10. To date, Gibraltar has only received the July and August adequate protection payments, totaling $70,000.00.

### *Debtor's Unlimited Use Of Gibraltar's Cash Collateral*

11. According to the Debtor's July 2011 Monthly Operating Report [ECF No. 91], its most recent debtor-in-possession report, on July 31, 2011, the Debtor held $646,305.73 in its DIP Account from the following, all of which is Gibraltar's cash collateral: (a) remaining Net Sale Proceeds; (b) rental income from a dock at the Aqua Vista Property; (c) a utility refund; and (d) a $10,000 deposit made by the Debtor pre-petition and returned to the Debtor post-petition. It appears that the Debtor violated the Cash Collateral Budget because, without Gibraltar's consent, it made cash disbursements totaling $2,982.93 during July for payment of insurance,

---

[2] With respect to such payments, the Amended Sale Order provides:

> Gibraltar does not waive its right to assert that it is entitled to receive the default rate of interest on these two loans and the Debtor and U.S. Trustee do not waive their right to object to Gibraltar being paid default interest on these loans.

[ECF No. 57 at 2, ¶ 3.] The Amended Sale Order also provides for mutual reservations by both parties and the U.S. Trustee concerning Gibraltar's claim to be paid default interest and any other obligations owed to Gibraltar from the remaining Net Sale Proceeds, "which shall be held by the Debtor pending further Order of the Court." [ECF No. 57 at 2, ¶ 5.]

pool maintenance and landscaping expenses related to the 1735 SE St. Lucie Boulevard, Stuart, Florida property.

12. Neither the Sale Order nor the Amended Sale Order provide for an expiration date of the Debtor's authority to make payments consistent with the Cash Collateral Budget. However, more than six months after Petition Date, the Debtor has not proposed a plan to emerge from chapter 11.

## RELIEF REQUESTED

13. Gibraltar requests the entry of an order by the Court terminating the Debtor's authority to make the Cash Collateral Budget payments by December 31, 2011. If the $646,305.73 in the DIP Account as of July 31, 2011 is used by the Debtor through December 31, 2011 consistent with the $43,900 Cash Collateral Budget, which authorizes the Debtor to pay a total of $219,500 for five months, the remaining balance of Gibraltar's cash collateral in the DIP Account will be $426,805.73 on December 31, 2011.

14. Gibraltar also seeks the entry of an order authorizing and directing the Debtor to immediately pay Gibraltar $426,805.73 remaining DIP Account balance for partial payment of Gibraltar's secured claim.

## BASIS FOR THE RELIEF REQUESTED

15. 11 U.S.C. § 363(a) defines cash collateral as cash in which the both a bankruptcy estate and another entity have an interest. Pursuant to the loan documents, Gibraltar's security interest extends to the Debtor's rental proceeds, contracts rights, receivables, and other property acquired from or used in connection with properties securing Gibraltar's mortgages. Also, the Sale Order provides that "[t]he lien Gibraltar has upon the Mercedes Property shall be transferred to the Net Sale Proceeds". [ECF No. 51 ¶ 3.] Thus, it is cannot be disputed that all funds

currently held in the DIP Account constitutes Gibraltar's cash collateral. Pursuant to 11 U.S.C. § 363(c)(2), the Debtor cannot spend the funds in the DIP Account without Gibraltar's consent or an Order from the Court.

16. The Sale Order and Amended Sale Order do not limit the period during which the Debtor may continue to use Gibraltar's cash collateral consistent with the Cash Collateral Budget, and Gibraltar does not consent to the Debtor's use of its cash collateral after December 31, 2011. As previously explained in the Stay Relief Motion, Gibraltar believes that the Debtor sought bankruptcy protection in bad faith with hope that the delay it would cause to Gibraltar's foreclosure efforts would provide enough time for the real estate market to rebound, and consequently allow the Debtor to sell its properties for inflated prices. After six months in chapter 11, the Debtor has failed to file a plan. Given the Borrowers' circumstances learned by Gibraltar during discovery conducted in connection with the Stay Relief Motion, Gibraltar does not believe the Debtor is able to propose a feasible plan.

17. Although the Debtor and Gibraltar materially dispute the amount of Gibraltar's secured claim, it is clear from the Debtor's Claim Calculation that the parties agree that Gibraltar's claim exceeds the $426,805.73 DIP Account balance remaining after the Debtor makes five Cash Collateral Budget payments.

18. There is no reason to further delay a $426,805.73 distribution to Gibraltar from the DIP Account when the parties agree that Gibraltar has the right to be paid at least such amount. Further delay will only result in the accrual of additional interest on the Debtor's indebtedness to Gibraltar, which will only serve to increase Gibraltar's claim.

**CONCLUSION**

19. For the forgoing reasons, the Gibraltar respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto as **Exhibit B**, granting this Motion and: (a) authorizing and directing the Debtor to immediately distribute $426,805.73 to Gibraltar from the DIP Account; (b) terminating the Debtor's use of the Net Sale Proceeds pursuant to the Cash Collateral Order by December 31, 2011; and (c) granting such further and additional relief the Court deems just and proper.

**Certificate Of Good Faith Conference**

I hereby certify that I made a good faith effort to resolve this matter without a hearing by contacting counsel for the Debtor by e-mail on September 8 and 9, 2011; however, the parties are unable to agree on the relief requested in this Motion.

Dated: September 9, 2011

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
*Attorneys for Gibraltar Private Bank & Trust Company*
201 South Biscayne Blvd.
Miami Center – 34th Floor
Miami, Florida 33131-4301
Telephone: 305.403.8788
Facsimile: 305.403.8789

By: /s/ Thomas R. Lehman
  Thomas R. Lehman, P.A.
  Florida Bar. No. 351318
  E-mail: trl@LKLlaw.com
  Jennifar M. Hill, Esq.
  Florida Bar. No. 014382
  E-mail: jmh@LKLlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copy of the Motion and attached exhibit were served on September 9, 2011 via electronic transmission to all registered users of CM/ECF and via U.S. Mail to all addressees listed on the attached Service List.

By: /s/ Thomas R. Lehman
Thomas R. Lehman

LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 34th Floor, Miami Center, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

```
Label Matrix for local noticing          Broward County Records,Taxes & Treasury   Eurotrade Short Loans Ltd.
113C-0                                   c/o Hollie N Hawn                         c/o Jordi Guso, Esq.
Case 11-15410-RBR                        115 So. Andrews Ave.                      Berger Singerman, P.A.
Southern District of Florida             Ft. Lauderdale, Fl 33301-1818             200 S. Biscayne Blvd.
Fort Lauderdale                                                                    Suite 1000
Thu Sep  8 13:58:44 EDT 2011                                                       Miami, FL 33131-5319

Gibraltar Private Bank & Trust Company   Gibraltar Private Bank & Trust Company    Martin County Tax Collector
c/o Thomas Lehman                        c/o James W. Carpenter, Esq.              3485 SE Willoughby Blvd
201 S Biscayne Blvd 34th Fl              Angelo & Banta                            Stuart, FL 34994-5062
Miami, FL 33131-4332                     515 East Las Olas Boulevard
                                         Suite 850
                                         Fort Lauderdale, FL 33301-2277

River Island Farms, Inc.                 AP Direct LLC                             Bad Dog Bugs, LLC
3531 Griffin Road                        POB 357                                   1610 NW 3rd Str
Fort Lauderdale, FL 33312-5444           New York NY 10150-0357                    Deerfield Beach, FL 33442-1646


Broward County Records,Taxes & Treasury Div.  Broward County Tax Collector         City of Fort Lauderdale
TAX COLLECTOR-Gov't Center Annex         Governmental Center Annex                 City Attorney's Office 7th Flr
Attn: Litigation Dept.                   115 S Andrews Avenue                      100 N Andrews Av
115 So. Andrews Avenue                   Fort Lauderdale, FL 33301-1895            Fort Lauderdale FL 33301-1016
Ft. Lauderdale, Fl 33301-1818

City of Lauderdale Municipal Services    City of Stuart                            Corrie Development Corporation
P O Box 31687                            121 SW Flagler Ave                        7950 Dublin Blvd, Suite 111
Tampa, FL 33631-3687                     Stuart, FL 34994-2192                     Dublin, CA 94568-2936


Deloitte Tax LLP                         Eurotrade Loans, Ltd.                     Eurotrade Short Loans Ltd.
P O Box 2079                             52 Menachem Begin Road                    c/o Jordi Guso, Esq.
Carol Stream, IL 60132-2079              Tel Aviv 67137 Isreal                     Berger Singerman, P.A.
                                                                                   200 S. Biscayne Blvd., Suite 1000
                                                                                   Miami, Florida 33131-5319

Everdock, Inc.                           FPL                                       Gibraltar Private Bank
8528 SW Kansas Str                       General Mail Facility                     450 E Las Olas Blvd, Suite 180
Stuart, FL 34997-7120                    Miami, FL 33188-0001                      Fort Lauderdale, FL 33301-4244


Gibraltar Private Bank & Trust Co.       Harbor Beach Property Owners, Inc.        Harford Insurance Co
c/o Thomas R. Lehman, PA                 c/o Rupp Assoc., Inc.                     Flood Processing Center
Levine Kellogg Lehman, et al.            1322 SE 17th Str                          P O Box 410024
201 S. Biscayne Blvd., 34 Floor          Fort Lauderdale, FL 33316-1708            Salt Lake City, UT 84141-0024
Miami, FL 33131-4332

Internal Revenue Service                 Kleen Cut Landscaping                     Krause & Crane, Inc
Centralized Insolvency Operation         P O Box 867                               P O Box 1259
P.O. Box 7346                            Stuart, FL 34995-0867                     Stuart, FL 34995-1259
Philadelphia, PA 19101-7346


M J Stone & Assoc                        Mark Wygonik                              Office of the US Trustee
1640 W Oakland Park Blvd                 542 9th Pl                                51 S.W. 1st Ave.
Suite 402                                Vero Beach, FL 32960-6828                 Suite 1204
Fort Lauderdale, FL 33311-1527                                                     Miami, FL 33130-1614
```

| | | |
|---|---|---|
| Patrick Exterminating<br>3226 SE Gran Park Way<br>Stuart, FL 34997-6722 | Pinch A Penny Pool Service<br>5162 SE Federal Hwy<br>Stuart, FL 34997-6629 | Pool Perfection<br>260 NE 43rd Court<br>Fort Lauderdale, FL 33334-1434 |
| Premium Finance Specialists<br>P O Box 100391<br>Pasadena, CA 91189-0391 | Private Client Group<br>P O Box 601148<br>Pasadena, CA 91189-1148 | Sam Jolley's Plumbing<br>55 NW 1st Ave<br>Dania, FL 33004-2834 |
| Security Networks<br>P O Box 165923<br>Miami, FL 33116-5923 | Seven Isles HOA<br>c/o Rupp Assoc, Inc.<br>1322 SE 17th Str<br>Fort Lauderdale, FL 33316-1708 | Sid Corrie, Jr.<br>7950 Dublin Blvd., Suite 111<br>Dublin, CA 94568-2936 |
| Suncoast Lawn Service<br>1600 SW 5th Crt<br>Fort Lauderdale, FL 33312-7513 | Trans Global Capital LLC<br>Attn: Seth Cohen<br>5959 Collins Avenue #1404-OA<br>Miami Beach, FL 33140-2289 | c/o Thomas R. Lehman, P.A.<br>Levine Kellogg Lehman, et al<br>201 S. Biscayne Blvd., 34th Floor<br>Miami, FL 33131-4332 |
| Martin L Sandler Esq<br>POB 402727<br>Miami Beach, FL 33140-0727 | | |

## RIVER ISLAND INTEREST AND BALANCE CALCULATION

| *Property Description* | *Mortgage Amount* |
|---|---|
| Aqua Vista | $ 3,744,808.00 |
| Mercedes | $ 2,443,000.00 |
| 2001 SE St. Lucie Blvd. | $ 3,250,000.00 |
| Unit 1008 | $   650,000.00 |
| 2483 SE St. Lucie Blvd. | $   840,000.00 |
| Total principal debt | $10,927,808.00 |
| Mercedes sale 6/28/11 | [$ 2,443,000.00] |
| **Current total principal debt** | **$ 8,484,808.00** |

A portion of principal debt of $6,000,000.00 to accrue interest at 6% annually from 1/19/11. Gibraltar is not entitled to prejudgment interest. Judgment did not provide for prejudgment interest. Reservation proposed in judgment regarding reservation of forbearance agreement provisions stricken by the court. Only reservation in the judgment dated 1/19/11 was retention of mortgage liens. No reference to prejudgment interest.

Net portion of principal debt of $4,927,808.00 to accrue interest at 24% annually.

Per diem interest on $6,000,000.00 at 6% annually of $986.30.

Per diem interest on $2,484,808.00 at 24% annually of $1,633.85.

Interest paid at closing of Mercedes sale - $92,685.26.

Interest paid from DIP account $164,388.42.

Interest paid in July and August 2011 total $70,000.00

Total $327,073.68.

Disputed interest reserve $402,098.31.

Interest through the end of 2010 was paid as a result of a payment made in August 2010. The bank has not provided an accounting of the date through which interest payments were made, unless reflected in the bank's spreadsheet analysis.

### Allocation of Current Principal Debt:

Interest accrues on current principal balance of $8,484,808.00; $2,484,808.00 at 24% annually, per diem of $1633.85 plus $6,000,000.00 at 6% annually, per diem of $986.30 for a total per diem accrued interest of $2,620.15.

# EXHIBIT A



**EXHIBIT B**

[PROPOSED ORDER]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re                                                                  Case No.: 11-15410-BKC-RBR

RIVER ISLAND FARMS, INC.,                              Chapter 11 Proceeding
a California corporation,

        Debtor.
_____/

**ORDER: (A) TERMINATING THE DEBTOR'S USE OF CASH COLLATERAL AFTER DECEMBER 31, 2011; AND (B) DIRECTING THE DEBTOR TO DISTRIBUTE CASH COLLATERAL TO PAY A PORTION OF GIBRALTAR PRIVATE BANK & TRUST COMPANY'S SECURED CLAIM**

THIS MATTER came before the Court at a duly noticed hearing on _____ ___, 2011 at __:__ a./p.m. upon the *Motion for Entry of An Order: (A) Terminating The Debtor's Use Of Cash Collateral After December 31, 2011; And (B) Directing The Debtor To Distribute Cash Collateral To Pay A Portion Of Gibraltar Private Bank & Trust Company's Secured Claim* [ECF No. ____] (the "Motion") filed by Gibraltar Private Bank & Trust Company ("Gibraltar"). The Court, having considered the Motion and the arguments at the hearing by counsel for the parties;

being otherwise fully advised as to the record in this case and the issues raised by the Motion; and finding that there is good and sufficient cause to grant the relief requested in the Motion, it is

ORDERED as follows:

1. The Motion is GRANTED.

2. The Debtor[1] is authorized and directed to promptly distribute $426,805.73 to Gibraltar from its DIP Account, which is Gibraltar's cash collateral. The remaining balance of the DIP Account is Gibraltar's cash collateral and may only be used by the Debtor through December 31, 2011 to make the payments listed in the Cash Collateral Budget, which was approved by the Court pursuant to the Sale Order and Amended Sale Order.

3. Entry of this Order shall be without prejudice to the Debtor seeking use of the Gibraltar's cash collateral after December 31, 2011 and without prejudice to Gibraltar and any other parties in interest objecting to such request. Entry of this Order shall also be without prejudice to Gibraltar seeking earlier termination of the Debtor's use of Gibraltar's cash collateral.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Order Submitted by:
Thomas R. Lehman
LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN LLP
Miami Center – 34th Floor
201 South Biscayne Blvd.
Miami, Florida 33131-4301
Telephone: 305.403.8788
Facsimile: 305.403.8789
E-Mail: trl@LKLlaw.com
Copies to:
Thomas R. Lehman (Attorney Lehman shall serve a copy of this Order on all interested parties upon and shall file a Certificate of Service indicating same.)

---

[1] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.